UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

FRANCISCA CANALES, and
VANESSA VALENTIN,

    Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

Removed from the Circuit Court
of Broward County, Florida
CACE-22-015394

**DEFENDANT'S NOTICE OF REMOVAL UNDER
DIVERSITY OF CITIZENSHIP JURISDICTION 28 U.S.C. § 1441**

    COMES NOW Defendant National Specialty Insurance Company, by and through its undersigned counsel, and hereby gives notice pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, bearing Case Number CACE-22-015394, to the United States District Court for the Southern District of Florida based on the following:

    1.    On or about October 14, 2022, Plaintiffs filed a Complaint against Defendant National Specialty Insurance Company in the Circuit Court of Broward County, Florida. *See **Exhibit A**, Complaint.* Defendant was served with a copy of the Complaint on November 17, 2022.

    2.    Plaintiff's Complaint alleged a single count for breach of contract against Defendant for damage to Plaintiff's property located at 12420 NW 50th Place, Coral Springs, Florida, on or about November 8, 2020. *See **Exhibit A** at ¶¶ 6, 8.*

    3.    Plaintiff's Complaint does not state the citizenship of the Plaintiff or the Defendant.

4. Plaintiffs' Complaint alleged Defendant is a Florida corporation duly who conducted business in the County of Broward, State of Florida for the purposes of selling homeowner insurance policies. *See **Exhibit A** at ¶ 3.*

5. Plaintiffs alleged that at all times material hereto, they were sui juris, and are residing in Broward County, Florida. *See **Exhibit A** at ¶ 2.*

6. Plaintiff's Complaint alleged damages of more than Thirty-Thousand Dollars ($30,000.00), sufficient to allege jurisdiction in the circuit court, the highest trial court in Florida state court, but insufficient to support diversity jurisdiction. *See **Exhibit A** at ¶ 1.*

7. Defendant is not a citizen of the State of Florida. It is a Texas corporation with its principal place of business in Texas. *See **Exhibit B**, Affidavit of Defendant's Corporate Representative at ¶ 4.*

8. While Plaintiff's Complaint does not specify whether Plaintiff is a citizen of the State of Florida, Plaintiff has applied for, and received, the Homestead Exemption under the Florida Constitution, per the records of the Palm Beach County Property Appraiser. *See **Exhibit C**, Property record for the insured Property, 12420 NW 50th Place, Coral Springs, Florida.*

9. Defendant requests this Court take judicial notice of the records of this county government record which is publicly accessible and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, pursuant to Rule 201(b)(2) – (c)(2) of the Federal Rules of Evidence.

10. Under current Florida case law:

> Article VII, Section 6(a) of the Florida Constitution allows "[e]very person who has the legal or equitable title to real estate and maintains thereon the permanent resident of the owner, or another legally or naturally dependent upon the owner," to claim a homestead tax exemption. For real property to qualify for a homestead exemption, an applicant must make three showings: (1) that the real property is owned by a "natural person"; (2) that the owner

2

> has "made, or intend[s] to make the real property his or her permanent residence or that of his family"; and (3) that "the property…meet[s] the size and contiguity requirements of article X, section 4(a)(1) of the Florida Constitution." *Aronson v. Aronson*, 81 So. 3d 515, 518 n.2 (Fla. 3d DCA 2012)(citing *Cutler v. Cutler*, 994 So. 2d 341, 344 (Fla. 3d DCA 2008)).

*Kelly v. Spain*, 160 So. 3d 78, 82 (Fla. 4th DCA 2015).

11. By the filing of the application for the Homestead Exemption, Plaintiff has admitted she is a permanent resident of said address, which is located within the State of Florida.

12. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction…and domicile requires both residence in a state and 'an intention to remain there indefinitely[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-1258 (11th Cir. 2002)(internal quotation marks omitted); *See also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Although Defendant cannot know the "intention to remain," Defendant has established Plaintiff's admission that she is a permanent resident at his homesteaded property.

13. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). Plaintiffs submitted an estimate for repairs to Defendant which is attached to Plaintiffs' Complaint as Exhibit "C" in the total amount of $100,360.91. To date, Defendant has not made any payments on this claim. *See* **Exhibit A** *and the attached Exhibit "C" thereto.*

14. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

15. 28 U.S.C. § 1332(c)(1) provides in pertinent part that a corporation shall be deemed a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

16. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

17. Plaintiff seeks damages to property located in Palm Beach County, Florida. *See* **Exhibit A** at ¶ 6.

18. Defendant is not a citizen of the State of Florida. It is a Texas corporation with its principal place of business in Texas. *See* **Exhibit B** at ¶ 4.

19. Plaintiffs are citizens of the State of Florida. *See* **Exhibit C**.

20. Plaintiffs claim for damages concerns an amount-in-controversy greater than Seventy-Five Thousand Dollars ($75,000.00). *See* **Exhibit A** *and Exhibit "C" thereto.* Indeed, given that Plaintiffs seek recovery for damage alleged to have been suffered to the insured Property, and in addition seek to recover their attorneys' fees incurred in bringing this action pursuant to Fla. Stat. § 627.428, it appears a reasonable probability that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *See Kotcham v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 153918 (M.D. Fla. 2015) (district courts are permitted to make "reasonable deductions" and "reasonable inferences" in determining whether the case meets federal jurisdictional requirements).

21. Based on the foregoing, this matter is subject to the original jurisdiction of this Court under 28 U.S.C. § 1332, and this cause may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

22. Venue is property in the United States District Court for the Southern District of Florida because the underlying state court case was filed in the Seventeenth Judicial Circuit in and for Broward County, Florida.

23. A complete copy of all process, pleadings, and orders in the Circuit Court of Broward County, Florida, in Case No. CACE-22-015394, as required by 28 U.S.C. § 1446(a) is attached hereto as ***Exhibit D****, Index of Record*.

24. In compliance with 28, U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court to Broward County, Florida, a copy of which is attached to this Notice of Removal as ***Exhibit E***.

WHEREFORE, Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court for the Southern District of Florida.

Date: December 19, 2022                    Respectfully submitted,

By:    */s/ Sarah L. Rothenberg*_____
Sarah L. Rothenberg, Esq. (115804)
Brian P. Henry, Esq. (0089069)
ROLFES HENRY CO., LPA
110 SE 6th Street # 1440
Fort Lauderdale, FL 33301
T:  (954) 530-5601
E:  srothenberg@rolfeshenry.com
E:  bberrio@rolfeshenry.com
E:  bhenry@rolfeshenry.com
E:  kmcclintock@rolfeshenry.com

*Attorney for Defendant*
*National Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Courts by using the ECF system, which will send a notice of electronic filing to all parties of record, this December 19, 2022. I further certify that upon notification from the Clerk of the Court, a copy of the foregoing will be forwarded via U.S. Mail if a party is a non-ECF participant:

Jack Benmeleh, Esq.
Benmeleh Law PA
7292 NW 1st Court
Miami, FL 33150
E:  jack@benmelehlaw.com

*Attorney for Plaintiffs*

                                              /s/ *Sarah L. Rothenberg*
                                              Sarah L. Rothenberg, Esq.